UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| David A. Vanslee, <br><br>　　　Plaintiff, <br><br>v. <br><br>Ford Motor Credit Company, LLC <br> c/o CT Corporation System <br> 208 S. LaSalle Street, Suite 814 <br> Chicago, IL 60604 <br><br> And <br><br> Trans Union LLC <br> c/o Prentice Hall Corporation <br> 801 Adlai Stevenson Drive <br> Springfield, IL 62703 <br><br> And <br><br> Equifax Information Services, LLC <br> c/o Illinois Corporation Service Corp <br> 801 Adlai Stevenson Drive <br> Springfield, IL 62703 <br><br> And <br><br> Cook County Clerk of Courts <br> c/o Executive Office <br> 50 W. Washington Blvd, Room 1001 <br> Chicago, IL 60602 <br><br>　　　Defendant. | Case No. 1:15-cv-03452 <br><br><br> **AMENDED COMPLAINT** <br><br><br><br> **Jury Demand Requested** |

　　Now comes the Plaintiff, by and through his attorneys, and files his Amended Complaint for violations of the Fair Credit Reporting Act (hereafter the õFCRAö), found at 15 USC § 1681 et seq., as amended, and various other laws of the State of Illinois.

## PARTIES

1. Plaintiff David VanSlee is a resident of North Carolina.

1

2. Defendant Ford Motor Credit Corporation ("Ford") is a Delaware corporation with its principal place of business in the State of Michigan.

3. Defendant Trans Union, LLC ("Trans Union") is a Delaware corporation with its principal place of business in the State of Illinois.

4. Defendant Equifax Information Services, LLC ("Equifax") is a Georgia corporation with its principal place of business in the State of Georgia.

5. Defendant Cook County Clerk of Courts ("Cook County") is a resident of Cook County in the State of Illinois

## JURISDICTION AND VENUE

6. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et al; the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et al; and under the Doctrine of Supplemental Jurisdiction pursuant to 28 U.S.C. §1367(a).

7. Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## RELEVANT FACTS

8. Plaintiff's wife co-signed a car loan for Plaintiff's son (David Jr.) with Defendant Ford (the "Debt").

9. On or around December 5, 2011, Plaintiff filed a voluntary bankruptcy petition that included the Debt (the "Petition").

10. On or around December 5, 2011, the clerk of the bankruptcy mailed notice of the Petition filing directly to Defendant Ford.

11. On or around March 20, 2012, Plaintiff received a discharge of the Debt.

12. On or around March 20, 2012, notice of the discharge for mailed directly to Defendant Ford.

2

13. On or around November 21, 2012, Defendant Ford filed, or caused to be filed, a lawsuit for the Debt against David Jr.

14. On or around March 5, 2013, Defendant Ford obtained a default judgment against David Jr. (the "Judgment").

15. In or around 2013, due to the identifying information, or lack thereof, that Defendant Ford provided to Defendant Cook County with the lawsuit, Defendant Cook County began to report the Judgment Plaintiff's credit reports with Defendant Equifax and Defendant Trans Union.

16. Throughout 2014, Plaintiff repeatedly contacted Defendant Trans Union, Defendant Cook County, and Defendant Equifax to correct the erroneous reporting but each Defendant refused to modify the improper reporting of the Judgment on Plaintiff's credit reports.

17. Further, in or around January 2015, Plaintiff disputed the Judgment with the credit bureaus.

18. In or around February 2015, Plaintiff received notifications from Defendant Equifax and Defendant Trans Union that Defendant Cook County had verified the Judgment as belonging to Plaintiff.

19. Defendant Cook County erroneously verified that the Judgment belonged to Plaintiff.

20. Defendant Equifax erroneously reported the Judgment on Plaintiff's credit report without substantial justification, and without acquiring sufficient verifying information.

21. Defendant Trans Union erroneously reported the Judgment on Plaintiff's credit report substantial justification, and without acquiring sufficient verifying information.

22. As a direct and proximate result of Defendants' actions, Plaintiff suffered actual and compensable damages including, but not limited to, the inability to obtain a mortgage, anxiety, duress, frustration, and lost peace of mind.

### CLAIM I - AGAINST DEFENDANT COOK COUNTY

### Violation of the Fair Credit Reporting Act

23. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

24. Defendant Cook County violated 15 U.S.C. §1681s-2(a) by failing to conduct a reasonable investigation of the Judgment.

### CLAIM II – AGAINST DEFENDANT COOK COUNTY

### Violation of the Fair Credit Reporting Act

25. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

26. Defendant Cook County violated 15 U.S.C. §1681s-2(a) by failing to correct the inaccurate information it had furnished to a credit reporting agency.

### CLAIM III – AGAINST DEFENDANT COOK COUNTY

### Negligence

27. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

28. Defendant Cook County had a duty to properly verified Plaintiff's dispute of the judgment being shown on his credit report.

29. Defendant Cook County breached this duty by improperly verifying the validity of the judgment without sufficient identifying information.

30. Defendant Cook County's breach caused the judgment to be inaccurately and improperly reported to a credit reporting agency(ies).

31. As a direct and proximate result of Defendant Cook County's breach, Plaintiff was damaged.

### CLAIM IV - AGAINST DEFENDANT EQUIFAX

### Violation of the Fair Credit Reporting Act

32. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

33. Defendant Equifax violated 15 U.S.C. §1681e by failing to maintain reasonable procedures designed to assure the maximum possible accuracy of information in a credit report.

## CLAIM V – AGAINST DEFENDANT EQUIFAX

### Violation of the Fair Credit Reporting Act

34. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

35. Defendant Equifax violated 15 U.S.C. §1681e failing to correct the inaccurate information on Plaintiff's credit report.

## CLAIM VI – AGAINST DEFENDANT EQUIFAX

### Negligence

36. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

37. Defendant Equifax had a duty to properly investigate Plaintiff's dispute of the judgment being shown on his credit report.

38. Defendant Equifax breached this duty by improperly verifying the validity of the judgment without sufficient identifying information.

39. Defendant Equifax's breach caused the judgment to be inaccurately and improperly reported to a credit reporting agency(ies).

40. As a direct and proximate result of Defendant Equifax's breach, Plaintiff was damaged.

## CLAIM VII - AGAINST DEFENDANT TRANS UNION

### Violation of the Fair Credit Reporting Act

41. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

42. Defendant Trans Union violated 15 U.S.C. §1681e by failing to maintain reasonable procedures designed to assure the maximum possible accuracy of information in a credit report.

## CLAIM VIII – AGAINST DEFENDANT TRANS UNION

### Violation of the Fair Credit Reporting Act

43. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

44. Defendant Trans Union violated 15 U.S.C. §1681e by failing to correct the inaccurate information on Plaintiff's credit report.

## CLAIM IX – AGAINST DEFENDANT TRANS UNION

### Negligence

45. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

46. Defendant Trans Union had a duty to properly investigate Plaintiff's dispute of the judgment being shown on his credit report.

47. Defendant Trans Union breached this duty by improperly verifying the validity of the judgment without sufficient identifying information.

48. Defendant Trans Union's breach caused the judgment to be inaccurately and improperly reported to a credit reporting agency(ies).

49. As a direct and proximate result of Defendant Trans Union's breach, Plaintiff was damaged.

## CLAIM X – AGAINST DEFENDANT FORD

### Negligence

50. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

51. Defendant Ford had a duty to insure that provide accurate information to Defendant Cook County when suing Plaintiff's son, David Jr.

52. Defendant Ford breached this duty by providing insufficient information for Defendant Cook County to properly identify the correct defendant in the Judgment.

53. Defendant Ford's breach caused the judgment to be inaccurately and improperly reported to a credit reporting agency(ies).

54. As a direct and proximate result of Defendant Ford's breach, Plaintiff was damaged.

## JURY DEMAND

55. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

56. Plaintiff prays for the following relief:

   a. Judgment against Defendant Equifax, Trans Union, Cook County, and Ford for actual, statutory, punitive damages, and costs and reasonable attorney fees for willful noncompliance pursuant to Fair Credit Reporting Act, 15 U.S.C. §1681n;

   b. Judgment against Defendant Equifax, Trans Union, Cook County, and Ford for negligence; and

   c. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Meier LLC

By: */s/ Richard J. Meier*
Richard J. Meier, Esq.
53 W. Jackson Blvd, Suite 304
Chicago, IL 60604
Tel: 312-242-1849
Fax: 312-242-1841
richard@meierllc.com
*Attorney for Plaintiff*